IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| STEVEN REID, | ) | | |
| Plaintiff | ) | | |
| | ) | | |
| vs. | ) | Civil Action No. 07-314 | |
| | ) | Judge Nora Barry Fischer/ | |
| WAKEFIELD, Correctional Superintendent;) | | Magistrate Judge Amy Reynolds Hay | |
| et al., | ) | | |
| Defendants | ) | RE: Dkt. [66] | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that plaintiff's motion for a writ enjoining SCI-Houtzdale from interfering with his ability to pursue his case be denied.[1]

REPORT

Plaintiff filed a motion to enjoin officials at SCI-Houtzdale from interfering with his ability to conduct litigation in this case. He contends that various non-defendant staff members at SCI-Houtzdale have prevented him from mailing legal materials, including discovery requests. The Court notes at the outset that a review of the docket sheet in this case reveals that Plaintiff's legal mail continues to reach the Court. In any event, for the reasons set forth below, the request for injunctive relief should be denied.

Rule 65, Fed. R.Civ. P., as well as the case law interpreting that rule, provide that in order to obtain a temporary restraining order/preliminary injunction, a plaintiff must demonstrate a reasonable likelihood of ultimate success on the merits; that irreparable harm would result if the

---

[1] Plaintiff's alternative motion for a stay of the case or enlargement of the discovery period that was contained in Dkt. [66] will be addressed by separate Order.

relief sought is not granted; that the issuance of the injunctive relief would not result in greater harm to the nonmoving party; and that the public interest would best be served by granting the relief sought. Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992). In order to obtain a preliminary injunction, plaintiff "must demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohey v. Casey, 868 F.2d 69, 72 (3d Cir. 1989). Plaintiff has not demonstrated either requirement.

Plaintiff's own filing reflects that SCI-Houtzdale denied his request for copying and mailing of 20 sets of interrogatories based upon the fact that plaintiff had already exceeded his $10.00 monthly allowance for copying and postage. As the defendants point out, DOC policy prohibits the advancement of additional funds and inmates are responsible for managing their funds and monthly postage allowance to meet their legal needs. Further, because legal materials have reached the Court in January and February, it would appear that Plaintiff has been able to proceed with his case, presumably by using the $10.00 monthly allowance for January and the $10.00 monthly allowance for February. Thus, it is clear that plaintiff is not likely to succeed on the merits and he has not demonstrated the probability of any irreparable harm.

Plaintiff was also unable to obtain certain documents to support his IFP motion in another case in this district, Civil Action 07-334, for the same reason, i.e., lack of funds in his account. Since the filing of the instant motion, however, plaintiff obtained from the prison and supplied to the Court the requisite IFP paperwork and has been granted IFP status in that case. See 3:07-cv-334 at Dkt. [6] Accordingly, any requested injunctive relief on this issue is now moot.

For the above noted reasons, plaintiff's motion for injunctive relief is properly denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule

72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: March 3, 2008

cc: Steven Reid
FW-5868
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

Mariah Passarelli
Deputy Attorney General
by Notice of Electronic Filing