IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN REID,                                     )
                              Plaintiff          )
                                                 )
vs.                                              )          Civil Action No. 07-314
                                                 )          Judge Nora Barry Fischer/
WAKEFIELD, Correctional Superintendent;)          Magistrate Judge Amy Reynolds Hay
SCEKERES, Deputy Superintendent;                 )
CHAMBERLAIN, Former Deputy                       )
Superintendent; WIRICK, Captain;                 )
SORROKO, Security Lieutenant;                    )
KOLESAR, Lieutenant; BAKER,                      )
Lieutenant; HOFFMAN, Sergeant;                   )
ROBINSON, Sergeant; HINES, Sergeant;             )
HARR, Sergeant; BRASILLI, Sergeant;              )
PAYNE, Correctional Officer; SMITH,              )
Correctional Officer; LICTENFELT,                )
Correctional Officer; O'NEIL, Correctional       )
Officer; ROSS, Correctional Officer;             )
WILLIAMS, Correctional Officer; MASIK,           )
Correctional Officer; GUZZIE, Correctional       )
Officer; SAYLOR, Correctional Officer.,          )
MARK J. FREIDHOF; RANDY KUHN;                    )
KEVIN THOMAS; S. LANDER; R.J.                    )
ROCHE; PATRICK RUEFLE; KEVIN                     )
L. JOHNSON; JOSEPH MILLER;                       )
MULROY;  GEORGE EICHER; MARK                     )
SHEFFLER; LATKANICH; GREGORY S.                  )
KIME,                                            )
                              Defendants         )

REPORT AND RECOMMENDATION


I.      Recommendation

        It is respectfully recommended that the amended complaint in the above-captioned

case, Dkt. [84], be dismissed for failure to prosecute.


II.     Report

The plaintiff, Steven Reid, has presented a civil rights complaint against the above-captioned defendants. In his amended complaint, plaintiff alleges various constitutional rights violations against the defendants, including, inter alia, use of excessive force and retaliation while plaintiff was a prisoner at the State Correctional Institution at Houtzdale, Pennsylvania.

On April 28, 2008, this Court issued an order directing plaintiff to submit a Response in opposition to the defendants' motion for summary judgment by May 30, 2008. To date, plaintiff has not filed any response and has not sought any enlargement of time to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's order, which weighs heavily against him. Because he is proceeding pro se, it is plaintiff's sole

responsibility to prosecute his case and comply with the Court's orders. Plaintiff's failure to do so appears willful and constitutes a history of dilatoriness.[1]

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- the defendants are entitled to have their potentially dispositive motion considered by the Court and ruled upon in a timely fashion. Plaintiff's failure to file a response has caused the specific prejudice to defendants of general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Additionally, because it now appears that plaintiff is a fugitive and contact with him seems unlikely, it is not clear that the plaintiff has any serious interest in pursuing his case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other

---

[1] The Court takes judicial notice of the reports in the Scranton *Times-Tribune*, dated June 27, 2008, and June 29, 2008, that plaintiff is wanted by the police in connection with a shooting in Scranton, Pennsylvania, on June 23, 2008. Plaintiff is wanted on charges of criminal attempt to commit murder, criminal conspiracy to commit murder, criminal conspiracy to commit aggravated assault and aggravated assault and remains a fugitive. See

http://www.thetimes-tribune.com/site/printerFriendly.cfm?brd=2185&dept_id=590572&newsid=19809098
and

http://www.thetimes-tribune.com/site/index.cfm?newsid=19813871&BRD=2185&PAG=461&dept_id=590572&rfi=8

Thus, it does not appear that the Court can reasonably expect to hear from plaintiff on this matter in the near future.

sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

               In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by July 18, 2008 , in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

               Respectfully submitted,

               / s/ Amy Reynolds Hay
               AMY REYNOLDS HAY
               United States Magistrate Judge


Dated:  30 June, 2008

cc:      Hon. Nora Barry Fischer
         United States District Judge

         Steven Reid
         307 Neptune Place
         Scranton, PA 18505

         Mariah Passarelli
         Deputy Attorney General
         by Notice of Electronic Filing